Argued June 20, affirmed July 27, petition for rehearing denied
August 23, petition for review denied November 8, 1972

STATE OF OREGON, *Respondent, v.* DARRELL
DEAN ROOK (No. 37467), *Appellant.*
499 P2d 830

*J. Marvin Kuhn,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

In this case defendant was separately charged and convicted of the first degree murder of one Sharon Williams. The evidence was that defendant and a companion, who were fugitives from a jailbreak, murdered Sharon Williams and her parents in their home in a remote area of Douglas County while committing an armed robbery. Other charges against defendant and his accomplice were in separate indictments. The murders were brutal and the evidence of defendant's guilt was overwhelming.

The sole assignment of error on appeal is that several color pictures, taken during the autopsies of the victims, received in evidence and shown on a screen over proper objection, were cumulative, gruesome and prejudicial, meriting reversal.

Without relating the details, our review of the record indicates that at least three of the pictures were extremely gruesome and unnecessary to further illustrate what the pathologist who performed the autopsies had already explained, and illustrated with drawings. They were simply cumulative. The reconstruction of the crimes which the prosecutor claims they evidenced was not, in our opinion, further aided by them. They are so revolting as to be what other jurisdictions have held is prejudicial and cause for reversal. *See Oxendine v. State,* 335 P2d 940 (Okla Crim App 1958); *People v. Burns;* 109 Cal App 2d

524, 241 P2d 308, 242 P2d 9 (1952); *State v. Poe,* 21 Utah2d 113, 441 P2d 512 (1968); *Kiefer v. State,* 239 Ind 103, 153 NE2d 899 (1958).

However, we are mindful of what the Oregon Supreme Court said in *State v. Freeman,* 232 Or 267, 275, 374 P2d 453 (1962):

> "There is no reason to assume that the exhibits were employed to produce prejudice for its own sake, nor that their number (14) was excessive. The number of pictures admitted was within the sound discretion of the trial court. We find no abuse of that discretion. * * * The trial judge is in the best position to regulate the flow of evidence. In his discretion he will ordinarily exclude that which is clearly cumulative. Unless an abuse of discretion is shown, there is no error in permitting the state to put on such evidence as it may have. It would be unrealistic to say, after a verdict, that the state must be penalized for unnecessary roughness merely because an appellate court might believe that there would have been adequate proof to support the verdict without the challenged evidence. Further, to do so would be to speculate. As a practical matter, no one knows when the jury has had exactly enough evidence to satisfy the state's burden of proof.

> "It must be remembered that the condition of the bodies was entirely the handiwork of the perpetrators of the crime. *The pictures show the bodies exactly as they were found * * *.*" (Emphasis supplied.)

A pronounced difference between the pictures in *Freeman* and those questioned here is that here the gruesomeness of the three pictures which we think were most cumulative stems largely from the pathologist's dissection. We think that these three, if not more, should have been excluded. However, the evidence of

guilt of first degree murder was so great that we are satisfied the prejudicial evidence could have had no influence on the verdict.

Affirmed.