Argued 2 February, decided 27 March, 1905.

### STATE *v*. CLARK.

80 Pac. 101.

Larceny—Indictment—Charging Separate Offenses.
1. The stealing of articles belonging to several persons at one time and place constitutes only one offense, and may be charged by one indictment, but the allegation must be definite, no presumptions being indulged.

Indictment for Larceny From Different Persons.
2. An indictment alleging that defendants on a certain date "then and there being, and acting together, did then and there  *  *  feloniously take, steal and carry away" several chattels belonging to two different persons, sufficiently alleges that the articles were taken at the same time and place.

From Harney: Morton D. Clifford, Judge.

R. E. Clark and John Lee Milam were convicted of horse stealing, and appeal.                              AFFIRMED.

For appellants there was a brief over the names of *Gammans & Malarkey* and *Biggs & Biggs,* with an oral argument by *Mr. Daniel J. Malarkey.*

For the State there was a brief and an oral argument by *Mr. Andrew M. Crawford,* Attorney General, and *Mr. J. W. McCulloch,* District Attorney.

MR. JUSTICE BEAN delivered the opinion of the court.

The defendants were convicted of the crime of larceny. They appeal, assigning as error the overruling of a demurrer to the indictment on the ground that more than one crime is charged therein. The charging part of the indictment is as follows:

"That said R. E. Clark and John Lee Milam on the 14th day of June, A. D. 1903, in the County of Harney and State of Oregon, then and there being, and acting together, did then and there wrongfully, unlawfully and feloniously take, steal and ride away and drive away and lead away one mare and two geldings, said mare and one of said geldings being then and there the personal property of Frank Miller, and said mare being of the value of $150, and said gelding being of the value of $125, and the other said gelding then and there being the personal property of one Harrison Kelly, and of the value of $100, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

It is argued that the indictment charged two distinct offenses—one, the larceny of the property of Miller, and the other, the larceny of the property of Kelly—without alleging that they were committed at the same time and place.

1. It is elementary that an indictment must charge but one crime: B. & C. Comp. § 1308. But a person by a single act may accomplish two or more criminal results, or, perhaps more accurately speaking, one offense may be committed at one time and place to the injury of two or more persons: *Woodford* v. *People,* 62 N. Y. 117 (20 Am. Rep. 464) ; *People* v. *Milne,* 60 Cal. 71. It is therefore held by the weight of authority that the stealing of articles belonging to two or more persons at the same time and place constitutes but one offense, and may be so charged in an

indictment: Rapalje, Larceny, § 117; *State* v. *Magone,* 33 Or. 570 (56 Pac. 648); *Ben* v. *State,* 22 Ala. 9 (58 Am. Dec. 234); *People* v. *Johnson,* 81 Mich. 573 (45 N. W. 1119); *State* v. *Nelson,* 29 Me. 329; *Lorton* v. *State,* 7 Mo. 55 (37 Am. Dec. 179); *State* v. *Hennessey,* 23 Ohio St. 339 (13 Am. Rep. 253); *Fulmer* v. *Commonwealth,* 97 Pa. 503; *Hoiles* v. *United States,* 3 McArthur, 370 (36 Am. Rep. 106). It must be alleged, however, that the larcenies were committed at the same time and place. There is no presumption that, because they are charged to have been committed on the same day and in the same county, they constitute a single crime: *Joslyn* v. *State,* 128 Ind. 160 (27 N. E. 492, 25 Am. St. Rep. 425); *State* v. *Bliss,* 27 Wash. 463 (68 Pac. 87).

. 2. The indictment in this case, we think, sufficiently complies with the rule, by alleging that the articles belonging to the persons named were, as a matter of fact, stolen at the same time and place, and by the same act. It is charged that the defendants on a certain day and in the County of Harney, etc., "then and there being, and acting together, did then and there wrongfully, unlawfully and feloniously take, steal," etc. The repetition of the words "then and there," in connection with the words "wrongfully, unlawfully and feloniously," definitely fixes the time and manner of the taking, and shows that the larceny of the three horses was committed at one and the same time. This is equivalent to an allegation that the defendants did at the time and place specified, and as one transaction, commit the several acts charged.

In *State* v. *Bliss,* 27 Wash. 463 (68 Pac. 87), relied upon by the defendants, the indictment alleged that the defendant, in a certain county and on a certain day named, "then and there being, did steal," etc., and the court held that the words "then and there," as used in the indictment, were nothing more than an allegation that, on the day and in the county named, the defendant committed the crime, and did not state that the property alleged to have been stolen might not have been in different parts of the county, and taken at different times on the same day. In short, the words "then and there

being" had relation only to the day and county, and not to the time or manner of the taking. Here, however, the repetition of these words in the information shows that they were intended to relate to the time and manner of the taking, and to confine it to one and the same act. The judgment is affirmed.

AFFIRMED.