Submitted on record and briefs May 6, reversed with
instructions November 26, 1969

STATE OF OREGON, *Appellant, v.*
VICTOR THOMAS GRATZ,
*Respondent.*

461 P. 2d 829

Donald H. Turner, District Attorney, The Dalles,
for appellant.

Lewis & Remington, The Dalles, for the respond-
ent.

PERRY, C. J.

The defendant Victor Thomas Gratz was charged
in two separate counts in a single indictment with
armed robbery of the persons of Catherine Helzer in

Count 1 and Georgie Drinkard in Count 2. Both crimes are alleged as arising out of the same transaction.

The defendant demurred to the indictment and the demurrer was sustained by the trial court. The state appeals.

The trial court apparently sustained the demurrer upon the theory that the armed robbery of two persons at the same time and place constituted the commission of but a single crime. The charging part of the indictment is as follows:

"The Defendant, VICTOR THOMAS GRATZ, is accused by the Grand Jury of Wasco County, State of Oregon, by this Indictment of the following crimes arising out of the same transaction:

## "COUNT ONE
## ARMED ROBBERY
## ORS 163.280

"The Defendant, VICTOR THOMAS GRATZ, is accused of the crime of Armed Robbery committed as follows:

"The Defendant, VICTOR THOMAS GRATZ, on October 29, 1968, in Wasco County, Oregon, then and there being, and then and there being armed with a dangerous weapon, to-wit: a lug wrench, did then and there unlawfully assault one Catherine Helzer and did then and there and thereby unlawfully and feloniously rob, steal and take from the person of said Catherine Helzer certain coins and currency, money of the United States of America, said acts of the Defendant, VICTOR THOMAS GRATZ, being contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon.

"COUNT TWO
ARMED ROBBERY
ORS 163.280

"The Defendant, VICTOR THOMAS GRATZ, is accused of the crime of Armed Robbery committed for and as a part of the same transaction alleged in Count I and committed as follows:

"The Defendant, VICTOR THOMAS GRATZ, on October 29, 1968, in Wasco County, Oregon, then and there being, and then and there being armed with a dangerous weapon, to-wit: a lug wrench, did then and there unlawfully assault one Georgie Drinkard and did then and there and thereby unlawfully and feloniously rob, steal and take from the person of said Georgie Drinkard certain coins and currency, money of the United States of America, said acts of said Defendant, VICTOR THOMAS GRATZ, being contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

The defendant relies upon *State v. Clark,* 46 Or 140, 80 P 101, wherein this court held that the stealing of several articles belonging to more than one person at the same time and place by one act constitutes but a single offense. This holding is in accord with the weight of authority and is based on the reasoning that, since there was but one overt act (the theft), a rule to the contrary would lead to incongruous and inhumane results. Anno. 28 ALR 2d 1187, § 3.

■ However, in the cases dealing with armed robbery, where the gravamen of the offense is an assault upon and a theft from the person, ORS 163.280, the courts hold that each assault and theft from a different person, although occurring at the same time and place,

is a separate crime. *People. v. Kelly,* 168 CA2d 387, 335 P2d 955; *People v. Lagomarsino,* 97 CA2d 92, 217 P2d 124; *Keeton v. Commonwealth,* 92 Ky 522, 13 Ky L 748, 18 SW 359; *Novak v. State,* 139 Md 538, 115 A 853; *Johns v. State,* 130 Miss 803, 95 So 84, 85; *State v. Williams* (Mo), 263 SW 195; *State v. Hoag,* 21 NJ 496, 122 A2d 628, affirmed 78 S Ct 829, 356 US 464, 2 L Ed2d 913, rehearing denied 78 S Ct 1366, 357 US 933, 2 L Ed2d 1375; *Worbetz v. Goodman,* 47 NJ Super 391, 136 A2d 1; *People v. Rodgers,* 184 App Div 461, 37 NY Cr 66, 171 NYS 451, affirmed 123 NE 882, 226 NY 671; *Orcutt v. State,* 52 Okl Cr 217, 3 P2d 912; *Thompson v. State,* 90 Tex Cr 222, 234 SW 400.

■ With few exceptions, not here pertinent, in crimes against the person when contrasted with crimes against property there are as many offenses as individuals affected. And, while it may be said that in armed robbery a single act may put several persons in fear, yet, in order to consummate the crime, that act must be followed by the act of taking from each person money or personal goods. Thus the taking of money or personal goods from one person does not constitute an integral part of the crime committed against another person. *State v. Hoag;* supra.

Since ORS 132.560 permits the joinder of separate crimes arising out of the same transaction in a single indictment if set forth in separate counts, the judgment of the trial court must be reversed with instructions to overrule defendant's demurrer.