STATE OF OREGON, *Respondent,*
*v.*
JAMES W. GILBERT, *Petitioner.*
(Nos. 75-2603, 75-2604, 75-2605, 75-3066,
75-3068, SC 25118)

574 P2d 313

William F. Frye, Eugene, argued the cause and filed briefs for petitioner.

John W. Burgess, Assistant Attorney General, Salem, argued the cause for respondent. With him on the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

DENECKE, C. J.

**DENECKE, C. J.**

The trial court dismissed indictments for theft on the ground that prosecution of the defendant was barred because of state and federal constitutional prohibitions against putting one in jeopardy twice for the same offense. The Court of Appeals reversed with a dissent by the Chief Judge. 27 Or App 1, 555 P2d 31 (1976). We granted review and affirm.

The defendant was indicted for theft in six separate indictments. Indictment 75-2601 read:

"The above named defendant is accused by the Lane County Grand Jury of the crime of THEFT IN THE FIRST DEGREE committed as follows: The defendant on or about the 26th day of March, 1975, in the county aforesaid, did knowingly and unlawfully commit theft of an Inland brand .30 caliber rifle, a firearm, owned by Lawrence H. Kane; contrary to statute and against the peace and dignity of the State of Oregon."

The other five indictments were identical, including the date, except the firearm described and the owner of the firearm were different in each indictment.

Pursuant to the suggestion made in *State v. Bishop,* 16 Or App 310, 314, 518 P2d 177 (1974), and adopted in *State v. Boyd,* 271 Or 558, 533 P2d 795 (1975), the state moved to consolidate the indictments for trial. The defendant opposed the motion. At argument on the motion, the trial court stated that if the state were going to proceed on the theory that the defendant's criminal conduct consisted of theft by withholding stolen property; that is, withholding all of the firearms at one common time and place, then it would grant the motion to consolidate. But if the state were going to proceed on the theory that the defendant's criminal conduct consisted of theft by receiving the firearms at various times, the court indicated it would not consolidate. The state did not desire to elect between theories. However, in view of the trial court's position, the state elected to proceed on the theory that the defendant's

criminal conduct consisted of theft by withholding all the firearms at the same time and place. The trial court then denied the motion to consolidate. The trial court's reason for changing its decision is not clearly state in the record; however, it appears that it decided that the defendant had the option of having separate trials.

The defendant went to trial on the indictment quoted above. The evidence showed that the police obtained a search warrant and seized all of the firearms named in the six indictments on one occasion at the defendant's home. The defendant did not contend they had not been stolen. His defense was that he purchased them without knowledge that they had been stolen. The evidence was that defendant purchased the firearms named in the six indictments on different dates.

The jury acquitted the defendant. We have no record of the trial other than the defendant's testimony. We do not have the instructions and do not know on what theory the case was submitted to the jury.

In the present case the defendant contends: The state made the election to proceed with all six indictments on the theory that the criminal conduct was withholding the firearms and the withholding occurred at the same time and place. This conduct constitutes but one offense. The defendant was acquitted of the charge of withholding the one firearm specified in the indictment. The prohibition against putting a defendant in jeopardy twice bars further prosecution for the possession of the other firearms because their withholding was part of the same offense for which defendant was acquitted.

The state answers that the withholding of six different firearms belonging to six different persons constitutes six different offenses.

The state also contends the elections made by the state that it would proceed on the withholding theory

was made only because the trial court said it would consolidate the indictments for trial if the state proceeded on that theory. The trial court denied consolidation and the state is therefore not bound by its election. Assuming that the case in which there was an acquittal was tried on the basis of withholding, the state is now at liberty to try the remaining indictments on the basis of receiving. The defendant admitted he received the firearms at different times and each receipt constitutes a separate offense.

Before attempting to analyze the problems raised, we believe this area of the law is so complex that we should state what is not involved. We do not confront the problem of whether the defendant's conduct constituted one "criminal episode" or was one "transaction." Therefore, we do not have a compulsory joinder problem. ORS 131.515(2). *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), and *State v. Boyd, supra* (271 Or 558), are not involved. The state properly averted this problem by moving to consolidate.[1]

In 1971, the legislature drastically changed the Oregon law on the illegal taking and holding of property. Formerly, Oregon had statutes making larceny, embezzlement, etc., separate crimes. ORS 164.015 was enacted. It provides:

"A person commits theft when, with intent to deprive another of property or to appropriate property to himself or to a third person, he:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof; or

"(2) Commits theft of property lost, mislaid or delivered by mistake as provided in ORS 164.065; or

"(3) Commits theft by extortion as provided in ORS 164.075; or

"(4) Commits theft by deception as provided in ORS 164.085; or

---

[1] As the Court of Appeals held, this problem may have to be answered by the trial court on two of the indictments as the state did not include them in its motion to consolidate.

"(5) Commits theft by receiving as provided in ORS 164.095."

The legislature defined in detail certain kinds of theft referred to in ORS 164.015(2)-(5) above. For example, ORS 164.095 provides:

"(1) A person commits theft by receiving if he receives, retains, conceals or disposes of property of another knowing or having good reason to know that the property was the subject of theft.

"(2) 'Receiving' means acquiring possession, control or title, or lending on the security of the property."

At the same time the legislature provided, "conduct denominated theft under ORS 164.015 constitutes a single offense." ORS 164.025(1). The same section provides that an indictment is sufficient if "it alleges that the defendant committed theft of property of the nature or value required for the commission of the crime charged without designating the particular way or manner in which the theft was committed." ORS 164.025(2). The reasons for the changes and more detail on the changes are found in *State v. Jim/White,* 13 Or App 201, 508 P2d 462 (1973).

As stated, the prosecution contends that even if the state is bound by its election to try the remaining indictments on the theory that the defendant committed theft by withholding, they charge offenses different from that for which defendant was acquitted. This poses the initial question, — does conduct of the accused consisting of having withheld at the same time and place six different firearms, stolen from six different persons, constitute one offense of theft by withholding or six different offenses.

This court and others have stated that whether a single act can constitute several offenses depends upon what the legislature intended.[2] *Bell v. United States,*

---

[2]The legislative branch may provide that conduct constitutes several offenses; thus a defendant could be prosecuted for several offenses without

349 US 81, 75 S Ct 620, 99 L Ed 905 (1955). *State v. Welch,* 264 Or 388, 390, 505 P2d 910 (1973) (multiple punishments). That was the approach taken by the Court of Appeals in this case. The intent of the legislature is seldom obvious. Therefore, when the court thinks it would be unfair to permit the defendant's conduct to be divided into several offenses, the court will not approve the division unless the leglislature has clearly provided that it can be divided. *State v. Welch, supra* (264 Or at 394).

Oregon, like most jurisdictions, has held that an act of larceny by stealing the property of several persons, committed at the same time and place, constitutes but one offense. *State v. Clark,* 46 Or 140, 80 P 101 (1905); 37 ALR3d 1407, Annotation, "Single or Separate Larceny Predicated Upon Stealing Property from Different Owners at the Same Time." Based upon these decisions it has also been held that the withholding at the same time and place of the property of different persons would also constitute only one offense of theft. *State v. Clark,* 9 Or App 530, 533-535, 497 P2d 1210 (1972). The California Supreme Court has so held under a unified theft statute similar to that adopted in Oregon. *People v. Bauer,* 1 Cal3d 368, 461 P2d 637, 82 Cal Rptr 357, 37 ALR3d 1398 (1969), *cert den* 400 US 927, 91 S Ct 190, 27 L Ed2d 187 (1970).

---

being put in jeopardy "for the same offence." Amendment V, United States Constitution.

There probably are limits on this exercise of legislative power. *Gore v. United States,* 357 US 386, 78 S Ct 1280, 2 L Ed2d 1405, 1412 (1958). The defendant in that case was convicted of three crimes involving conduct in connection with vending illicit drugs. The majority held Congress had validly created three separate offenses for this conduct. Mr. Justice Douglas wrote:

"* * * I think it is time that the Double Jeopardy Clause was liberally construed in light of its great historic purpose to protect the citizen from more than one trial for the same act.

"* * * * *.

"* * * I would resist a reading which inferred that Congress intended multiple offenses from the same sale, for that would not make the statutes square with the Constitution." 2 L Ed2d at 1412-1413.

The state contends, however, that the rule of *State v. Clark, supra* (46 Or 140), including its extension to the crime of withholding, has been changed by statute. ORS 131.505 of the new Code of Criminal Procedure, passed in 1973, provides:

> "As used in ORS 131.505 to 131.525 [former jeopardy], unless the context requires otherwise:
> "* * * * *.
> "(2) When the same conduct or criminal episode violates two or more statutory provisions, each such violation constitutes a separate and distinct offense.
> "(3) When the same conduct or criminal episode, though violating only one statutory provision, results in death, injury, loss or other consequences of two or more victims, and the result is an element of the offense defined, there are as many offenses as there are victims."

The act of withholding the six guns at the same time and place constitutes "the same conduct."

The withholding of the six guns belonging to six different persons also results in a loss to six different persons. The six victims are deprived of the possession or other incidents of ownership of their particular gun.

Whether this result, deprivation of possession, is an element of the offense, as the statute prescribes, is not as clear; however, we conclude that it is an element.

ORS 164.015, defining theft provides that a person commits theft when he "withholds such property from an owner thereof." The act of withholding is an element of the crime. The act of withholding necessarily deprives the owner of possession. The only means of proving a withholding is by proving a deprivation of possession.

*People v. Dean,* 56 App Div2d 242, 392 NYS2d 134, 138 (1977), interpreted the New York statute from which the Oregon statute was taken. Defendant was charged in several indictments for larcenies and issuing bad checks. After conviction on one indictment, he

contended double jeopardy was a bar to the trial of the others. The court stated:

> "* * * Regardless of whether it is found that the offenses charged under indictments numbered 534 and 535 are based upon the same act or criminal transaction, since the offenses under each indictment involved loss or other consequence to different victims, i.e., Insana Corporation and Lincoln First Bank, there is no bar on the ground of double jeopardy under this subdivision (CPL § 40.20(2)(e)).* * *." 392 NYS2d at 138.

There is no indication, however, that the defendant in that case put in issue whether loss to the victims was an element of the crimes charged.

The commentary by the Criminal Law Commission to ORS 131.505 is ambiguous on the intent of the section. To understand the import of the comment it is necessary to remember that while *State v. Clark, supra* (46 Or 140), held that stealing the property of several persons, committed at the same time and place, is but one offense, *State v. Gratz,* 254 Or 474, 461 P2d 829 (1969), held: "* * * [I]n crimes against the person when contrasted with crimes against property there are as many offenses as individuals affected."

The commentary states:

> "The effect of this section will be to clarify an apparent conflict between cases that find only one offense when property belonging to several people is stolen versus the situation in which there is a crime against persons and each victim represents a separate offense." p 17.

At the end of the commentary on this section *State v. Clark, supra* (46 Or 140), and *State v. Gratz, supra* (254 Or 474), are cited without comment.

■■  We hold that under ORS 131.505 when one defendant, at the same time and place, withholds the property of two or more victims there are as many offenses as there are victims. Each indictment against the defendant, therefore, charges a separate offense and

the verdict in the trial of the first indictment does not bar prosecutions for the other indictments.

At this point it is appropriate to observe that we are holding that the indictments charge multiple offenses: we are not holding that the defendant, if found guilty on several indictments, can be ordered to serve multiple sentences; that is a separate problem and it is not before us.

> "* * * They [defendants] are even more insistent that they are subjected to double jeopardy when they have been convicted on more than one count and receive cumulative penalities aggregating more than the most severe sentence on one count.

> "A defendant may be right in his conclusion that such cumulation of penalities is improper, but he is mistaken in thinking that it is double jeopardy. The true reason why he is right is that double punishment is not permissible under the applicable statute, i.e., the legislature did not intend him to be sentenced on more than one count. * * *." 15 UCLA L Rev 86 (1967). Quoted in *State v. Welch,* 264 Or 388, 391, 505 P2d 910 (1973).

*State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), is an example. We held there that multiple sentences could not be imposed when the defendant committed the offense of burglary; that is, breaking and entering with intent to commit larceny, and the offense of larceny after he had entered.

As we are affirming the Court of Appeals' decision that the state can proceed to trial on the remaining indictments, another issue must be decided. This concerns the defendant's contention that the state has elected to try all the indictments on the theory of theft by withholding and, therefore, the state cannot argue it will try the remaining indictments on the theory of receiving stolen property.

At the motion to consolidate, the state clearly stated its position that under the indictment and the statutes it could prove the theft by any of the proscribed means. The state, however, told the court that

while it did not want to elect to try the case on a theory of withholding, that is what the evidence would probably show. The state finally reluctantly made an election to try on the basis of withholding because the trial court stated it would only consolidate the case for trial if the state proceeded on this basis. The trial court later changed its mind and denied the motion to consolidate.

The defendant took the stand at the trial of the first indictment. His testimony revealed that he had received the weapons at different times. This is the basis for the state's argument that under the other indictments it could and would introduce evidence that the thefts consisted of receiving the weapons at different times.

■ We find it apparent in the record that the "election" by the state was taken only to secure consolidation and when the charges were not consolidated it ceased to be bound by its election. Under these circumstances the defendant's contention that he was misled by the state's "election" into taking the witness stand or into taking any other action is not well taken.

Affirmed.