Argued April 25, affirmed June 20, reconsideration denied July 26, 1978, petition for review denied February 13, 1979

STATE OF OREGON, *Respondent,*

*v.*

DAVID ALLEN DILLMAN, *Appellant.*

(Nos. 77-3476, 77-4155, 77-4156 and 77-4157)

(Consolidated cases)

(CA 9522)

580 P2d 567

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Brian R. Barnes, Assistant District Attorney, Eugene, argued the cause for respondent. With him on the brief was J. Pat Horton, District Attorney, Eugene.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

Defendant appeals from four convictions of robbery in the second degree arising from the same criminal episode.

Defendant entered a bank, announced "This is a stick-up, I mean it," and ordered everyone but the tellers to lie on the floor. He then pointed a pistol at each of four tellers in succession and obtained money from each for a total of more than $14,000. He was apprehended soon after he left the bank.

Defendant was charged with robbery in four separate indictments, each alleging robbery of a different teller. The indictments were consolidated for trial, and defendant was convicted and sentenced on all four. The only question on appeal is whether the court erred in ruling that there were four separate offenses and in sentencing defendant on each conviction.

Whether a single act or transaction can constitute several offenses depends on the intent of the legislature. *State v. Gilbert,* 281 Or 101, 574 P2d 313 (1978); *State v. Welch,* 264 Or 388, 390, 505 P2d 910 (1973). ORS 131.505, enacted in 1973 as part of the new Code of Criminal Procedure, provides in part:

> "As used in ORS 131.505 to 131.525, unless the context requires otherwise:
> "* * * * *
>
> "(3) When the same conduct or criminal episode, though violating only one statutory provision, results in death, injury, loss or other consequences of two or more victims, and the result is an element of the offense defined, there are as many offenses as there are victims."

Applying this statute in *Gilbert,* 281 Or at 109, the Supreme Court held that when one defendant withholds property of two or more victims at the same time and place, there are as many offenses as there are

victims.[1] *See also, State v. Callaghan,* 33 Or App 49, 576 P2d 14 *rev pending* (1978); *State v. Cloutier,* 33 Or App 121, 575 P2d 996 *rev allowed* (1978). We assume that *Gilbert* applies to robbery as well as theft. Therefore, the question presented by this case is, when defendant pointed his gun at a teller and demanded money, was the teller or the bank the victim of that criminal act?

Determination of who is the victim of robbery requires analysis of the crime as defined by statute. Robbery in the second degree is defined by two statutes, which provide:

ORS 164.395:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft he uses or threatens the immediate use of physical force upon another person with the intent of:

(a) Preventing or overcoming resistence to his taking of the property or to his retention thereof immediately after the taking; or

(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft.

"(2) Robbery in the third degree is a Class C felony."

and ORS 164.405:

"(1) A person commits the crime of robbery in the second degree if he violates ORS 164.395 and he:

---

[1]The Supreme Court held in *State v. Gratz,* 254 Or 474, 477, 461 P2d 829 (1969), that armed robbery from two persons at the same time and place constituted two separate offenses. The court considered armed robbery to be a crime against the person and followed the general rule that in such cases there are as many offenses as individuals affected. *Gratz* distinguished *State v. Clark,* 46 Or 140, 80 P 101 (1905), which held that stealing several articles belonging to two persons at the same time and place constitutes a single offense. Since the decision in *Gratz,* however, the legislature has revised the Criminal Code. The Commentary indicates that the legislature considered both *Clark* and *Gratz* and intended to resolve any discrepancy between the two cases by enacting ORS 131.505(3). Proposed Oregon Criminal Procedure Code, 17-19 (1972); *see also, State v. Gilbert,* 281 Or at 107-109. We therefore consider the statutory provisions to have superceded *Gratz.*

(a) Represents by word or conduct that he is armed with what purports to be a dangerous weapon or deadly weapon; or

(b) Is aided by another person actually present.

"(2) Robbery in the second degree is a Class B felony."

Although the 1971 Criminal Code Revision included robbery in the chapter entitled Offenses Against Property rather than Offenses Against Persons, the Commentary indicates that the gravamen of the robbery offense is the threat of harm to persons. Proposed Oregon Criminal Code, 155-56 (1970). This conclusion is reinforced by the statute itself, which does not require a completed theft as an element of the crime. Also, the degree of robbery varies according to the severity of the threat or danger of harm to the person, not according to the value of the property that is the subject of the theft or attempted theft. Thus, it appears that the legislature intended that the assault aspect of the crime of robbery be dominant and each person assaulted is the victim of the crime.

This conclusion is not weakened by looking to the theft aspect of robbery. ORS 164.005(4) provides:

" 'Owner of property taken, obtained or witheld' or 'owner' means any person who has a right to possession thereof superior to that of the taker, obtainer or withholder."

and ORS 164.015(1) provides:

"A person commits theft when, with intent to deprive another of property or to appropriate property to himself or to a third person, he:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof * * *."

Thus, in the contemplation of the theft statutes, the tellers are considered the "owners" of the cash stolen from them and therefore the victims of the property crime aspects of robbery as well. *See also* Perkins, Criminal Law, 241 (2d ed 1969).

We conclude that because the distinctive aspect of robbery is the threat of violence to a person, when

defendant pointed his gun at and demanded money from each of four different bank tellers, each teller was a victim of the robbery. Therefore, defendant committed four separate offenses.

Because there were four separate offenses, there was no error in sentencing defendant on each conviction. *State v. Callaghan,* 33 Or App 49, 60, 576 P2d 14 *rev pending* (1978).

Affirmed.

**BUTTLER, J.,** specially concurring.

I agree with the majority conclusion that the defendant was guilty of four separate robberies, and was subject to being sentenced on each of the four convictions. I do so because the crime of robbery, as it is now defined by statute,[1] is an aggravated form of theft, as now defined,[2] and supplants the crime of assault, as formerly codified in ORS 163.250. Defendant's conduct did not constitute an assault because there was no physical harm, but his conduct "elevated" to robbery what might otherwise have been the lesser crime of theft.

Where I part company with the majority opinion is in its conclusion, unnecessary to the decision of this case, that there were four thefts, one from each of the tellers, and therefore four victims of theft. Stated briefly, I read the theft statute, together with the general definitional statute,[3] as saying that it is not necessary to prove that the person from whom the property was taken was the actual owner thereof, notwithstanding the use of the word "owner" without amplification; it is sufficient to show that the person from whom the property was taken has a right to possession superior to that of the taker. The amplification of the word "owner" is covered by the general

---

[1] ORS 164.405; 164.395.

[2] ORS 164.015(1).

[3] ORS 164.005(4).

definitional statute. However, reference to the definitional statute is unnecessary with respect to the crime of robbery, which involves the use or threatened use of physical force upon another person with the intent of "compelling the owner of such property *or another person to deliver the property.*"[4] (Emphasis added.) The tellers in this case were the other person compelled to deliver the property.

Suppose defendant had pointed the gun at only one teller, had told the other three to move against the wall, and then compelled the teller held at gunpoint to give him the money from all four tills. The same theft has occurred, but it is at least arguable that there was only one robbery.

The question of whether there were four thefts, or four victims of theft, is not presented and ought not to be decided in this case.

---

[4] ORS 164.395(1)(b).