Argued and submitted June 23,
reversed and remanded October 13, 1980

STATE OF OREGON,
*Respondent,*
*v.*
BEVERLY JEAN SEEGER,
*Appellant.*

(No. C 79-04-31116, CA 15821)

STATE OF OREGON,
*Respondent,*
*v.*
BEVERLY JEAN SEEGER,
*Appellant.*

(No. C 79-04-31117, CA 15822)

(cases consolidated)

617 P2d 960

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Defendant was convicted after trial to the court on four counts of perjury, ORS 162.065, and sentenced separately on each. On appeal, she argues that the entry of four separate convictions and sentences was improper. We agree and reverse and remand for resentencing.

The facts are not in dispute. Defendant is a recipient of public assistance. On May 1, 1977, she received her monthly check and subsequently endorsed the check and received the proceeds. On May 5, 1977, she signed a sworn statement to the effect that she had lost the original check and had never received the proceeds. The Adult and Family Services Division [AFS] of the Department of Human Resources thereupon issued defendant a replacement check which she also cashed. AFS later received information that the original check had been endorsed in defendant's name. On June 1, 1977, defendant signed a sworn statement to the effect that the endorsement on the May 1, 1977, check was not her signature.

A nearly identical series of events transpired with respect to a public assistance check issued to defendant on July 1, 1977. In each case, a handwriting analysis performed by the Oregon State Police showed that the endorsement on the original check issued by AFS was defendant's signature.

Defendant was charged in two separate indictments, one relating to the May check and the other to the July check. Each indictment contained one count of unlawfully obtaining public assistance, ORS 411.630, one count of perjury concerning the affidavit of a lost check, and one count of perjury concerning the affidavit on the forged endorsement. The cases were tried separately. After trial, the court "merged" the convictions for unlawfully obtaining public assistance with the convictions on the first count of perjury under each indictment but did not "merge" the second count of perjury. The court entered two separate convictions and sentences for perjury under each indictment. In

the case arising out of the May incident, the court sentenced defendant to consecutive three-year sentences. In the case arising out of the July incident the court sentenced defendant to two concurrent three-year sentences, the sentences to run concurrently with the sentences in the other case.

■    The first question is whether it was proper to enter two separate convictions and sentences for perjury under each indictment. The critical factor is whether defendant's conduct was directed at the accomplishment of a single criminal objective. *State v. Cloutier,* 286 Or 579, 595, 596 P2d 1278 (1979). Relying primarily on *State v. Kincaide,* 43 Or App 73, 602 P2d 307 (1979), defendant argues that only one conviction and sentence under each indictment is appropriate.

In *Kincaide* defendant forged a endorsement on a check for $9,000 from the sale of securities owned by Ida Ratzel. Defendant deposited $8,600 of that amount in a checking account opened by defendant under the name of Ida Ratzel. Approximately two weeks later, defendant signed Ida Ratzel's name to a check for $7,800 drawn on the new account and payable to herself. She then deposited that check to an account in her own name. The court held that the two forgeries should be merged into a single conviction and sentence. The court reasoned:

> " * * * While it is unlikely that any single rule is ever going to govern all possible merger situations, there is a general principle that emerges from *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979), and *State v. Gilbert,* 281 Or 101, 574 P2d 313 (1978): A defendant is subject to only a single conviction and sentence for conduct directed to the accomplishment of a single criminal objective that causes a single injury to a single victim. That principle is sufficient to dispose of this case. The October 14 and October 31 transactions involve the same victim, Ida Ratzel. Defendant had the single criminal objective of appropriating and withholding Ida Ratzel's money. Most importantly here, defendant's conduct caused a single injury—Ida Ratzel's loss of $9,000 on October 14; defendant's

subsequent transfer of some of that money to another account perpetuated the injury done on October 14, but it did not in any way cause a new or different injury." 43 Or App at 81.

The facts here present an analogous situation. The victim of the two perjuries in each indictment is the same. In committing the two perjuries necessary to receive and retain the proceeds of each replacement check, defendant had the single criminal objective of appropriating the state's money. Under each indictment, defendant's conduct caused a single injury, the state's loss of the amount of the duplicate check issued to defendant. The second perjury under each indictment did not cause a separate injury, but only perpetuated the previous injury. We hold that only one conviction and sentence for perjury under each indictment may properly be entered.

■ The next question is whether the trial court erred in sentencing defendant under both indictments. We note that after unlawfully obtaining a replacement check for the May 1, 1977, check, defendant obtained additional public assistance funds unlawfully in July, thereby causing a new injury. In *State v. Kincaide, supra,* two years after the forgeries discussed above, the defendant forged another check payable to Ida Ratzel. The court held that a separate conviction and sentence for this forgery was proper, stating:

> " * * * The temporal distance between the October, 1974, and January, 1977, transactions is too attenuated to support the inference that both involved a single criminal objective. *State v. Cloutier, supra,* 286 Or at 595. Moreover, although there was a single victim, the later transaction inflicted a new and different injury on Ida Ratzel—the appropriation of an additional sum of her money." 43 Or App at 82.

This reasoning is equally applicable here. We hold that the trial court did not err in entering a separate conviction and sentence under each indictment.

In summary, defendant is subject to two judgments of conviction and sentences for perjury, one under each indictment.

Reversed and remanded for resentencing.