Argued and submitted February 27, 1981, remanded for resentencing October 5, 1983

## STATE OF OREGON,
*Respondent,*

*v.*

## JOSEPH AMIR WILSON,
*Appellant.*

(79-05-31768; CA 18312)

669 P2d 1179

John A. Wetteland, Jr., Portland, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals the trial court's imposition of multiple sentences after he pled guilty to one count of assault in the fourth degree, ORS 163.160,[1] and to two counts of recklessly endangering another person. ORS 163.195.[2] He was sentenced to one year in jail on the assault charge. The trial court suspended imposition of sentence and placed him on supervised probation for five years on each count of recklessly endangering, the sentences to run concurrently.

■ The facts are very sketchy in this case; however, the parties agree that defendant fired one shot in the direction of a group of three people, injuring one of them. He was charged with assaulting the injured person and with recklessly endangering each of the other persons in the group. On appeal he argues that all three convictions should be merged for sentencing purposes or, alternatively, that the two recklessly endangering convictions should be merged for purposes of sentencing. Because he did not raise the issue of merger of the assault conviction with the two recklessly endangering convictions in the trial court, we will not consider it. *State v. Linthwaite,* 295 Or 162, 175, 665 P2d 863 (1983); *State v. Applegate,* 39 Or App 17, 591 P2d 371, *rev den* 287 Or 301 (1979).

In *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979), the Supreme Court reaffirmed its decision in *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), and attempted to clarify the law pertaining to "merger." As in this case, *Cloutier* was concerned with the dispositional rather than procedural problems that multiple crime situations pose.[3] The

---

[1] ORS 163.160(1) provides:

"(1) A person commits the crime of assault in the fourth degree if he:

"(a) Intentionally, knowingly or recklessly causes physical injury to another; or

"(b) With criminal negligence causes physical injury to another by means of a deadly weapon."

[2] ORS 163.195(1) provides:

"(1) A person commits the crime of recklessly endangering another person if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."

[3] The procedural phase of merger questions involves double jeopardy claims and the application of ORS 131.505.

Supreme Court stated that there is only one true merger situation;[4] however, there are other categories of merger-like problems. One category was designated by the court as a "characteristic *Woolard* situation," for which the court developed in *Cloutier* the "single criminal objective test" to determine whether more than one sentence may be imposed.

In *Cloutier,* the defendant was convicted of burglary, based on an intent to commit theft, and of attempted theft. The court held that the defendant had a single objective, theft, and that, therefore, only one sentence could be imposed. "[W]hen a breaking and entering with an intent to commit a crime is followed by the commission of the intended crime, the penalty is to be limited to that prescribed for the offense carrying the greater potential sentence." 286 Or at 596.

The Supreme Court also indicated in *Cloutier* that it was leaving to this court the burden of developing criteria to resolve other categories of merger-like problems, including the one presented by the case at hand. Here, we have the commission of offenses against several victims in a single criminal act or episode. The offenses are separate for procedural purposes under ORS 131.505.[5]

---

[4] In *Cloutier,* the Supreme Court stated that a true merger situation arises only when the completion of one offense necessarily includes acts sufficient to constitute violation of another statute. In those cases, only one conviction and one sentence is proper.

[5] ORS 131.505 provides:

"(1) 'Conduct' and 'offense' have the meaning provided for those terms in ORS 161.085 and 161.505.

"(2) When the same conduct or criminal episode violates two or more statutory provisions, each such violation constitutes a separate and distinct offense.

"(3) When the same conduct or criminal episode, though violating only one statutory provision, results in death, injury, loss or other consequences of two or more victims, and the result is an element of the offense defined, there are as many offenses as there are victims.

"(4) 'Criminal episode' means continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective.

"(5) A person is 'prosecuted for an offense' when he is charged therewith by an accusatory instrument filed in any court of this state or in any court of any political subdivision of this state, and when the action either:

The Supreme Court has recently addressed this type of merger problem and the proper application of ORS 131.505 in *State v. Linthwaite, supra:*

> "ORS 131.505 does not, however, deal with sentencing. Sentencing not only must be appropriate for the crime, but it must be appropriate for the criminal, as well. *Cf.* ORS 144.780. As we said in *Cloutier:*
>
> > " '* * * sentencing of the so-called "multiple offender" must start from the recognition that, though a defendant's conduct may have constituted multiple offenses, the sentencing phase concerns the disposition of a single, not a multiple, human being.'
>
> "Sentencing of a convicted criminal is not to be controlled by procedural rules designed for the charging phase of a prosecution, the trial thereof, or the consequences for claim of former jeopardy. We hold that ORS 131.505(3) does not mandate a separate sentence for each conviction that stems from the same criminal episode.
>
> "In *Cloutier* we discussed the sentencing phase of a criminal proceeding at length. *See Cloutier,* 286 Or at 590-596. In that discussion we concluded that it was the legislature's efforts to provide rationality and proportionality to the sentencing of criminals within Oregon's penal scheme that the courts must seek to apply in sentencing a criminal found guilty of several factually related offenses and not the definitions for the purposes of charge and trial found within ORS 131.505.
>
> "In *Cloutier* we held that ORS 131.505(2), which, for former jeopardy purposes, creates a separate offense for each statutory provision violated, did not show a legislative intent to sentence separately for each offense. Today we hold that ORS 131.505(3), which, for former jeopardy purposes, creates a separate offense for each victim of a criminal episode, does not indicate legislative intent that punishment be by way of multiple sentencing. We therefore apply the principle of lenity

"(a) Terminates in a conviction upon a plea of guilty; or

"(b) Proceeds to the trial stage and the jury is impaneled and sworn; or

"(c) Proceeds to the trial stage when a judge is the trier of fact and the first witness is sworn.

"(6) There is an 'acquittal' if the prosecution results in a finding of not guilty by the trier of fact or in a determination that there is insufficient evidence to warrant a conviction."

adopted in *State v. Welch,* [264 Or 388, 505 P2d 910 (1973)]." 295 Or at 179.

■        The facts in this case do not indicate that defendant acted intentionally toward each victim separately. He fired only one shot. That he may have recklessly endangered everyone in the vicinity was incidental to his act of shooting one person. Following the rationale of *Cloutier* and *Linthwaite,* we hold that defendant could be sentenced for only one conviction of recklessly endangering another person in addition to the sentence for assault.

Remanded for resentencing.