Argued and submitted July 27, 1983, remanded in part with instructions; affirmed in part January 25, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## SCOTTY JOE RITNER,
*Appellant.*

(31047, 31048; CA A26753)

675 P2d 1085

Donald O. Costello, Sisters, argued the cause for appellant. With him on the brief were Costello & Goodwin, Sisters, and Richard A. Weill, Portland.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Warren, J., dissenting.

**ROSSMAN, J.**

Defendant appeals two convictions for furnishing alcohol to a minor. ORS 471.410(2). Both convictions involve related conduct. Because we find error in the trial court's failure to merge defendant's sentences, we remand for modification of his sentence and affirm in all other respects.

Defendant operated a filling station in John Day. He had two high school students in his employ. On June 13, 1981, he made beer available to both boys. In two separate indictments, he was charged with furnishing alcohol to minors, one charge for each of the two boys. He was convicted on each charge in separate trials and was sentenced to 30 days in jail for each offense, the sentences to run concurrently. Execution was suspended, subject to conditions that, within one year, he pay a $200 fine for each offense, perform 200 hours of community service[1] and serve five days for each offense, to be served concurrently and with work release.

Defendant challenges his convictions in three respects. He claims that (1) the two violations of ORS 471.410(2) should merge for conviction purposes;[2] (2) imprisonment is not available as a punishment for the offense; and (3) the two offenses should have been merged for sentencing. We will address those arguments in order.

■ Defendant maintains that his convictions should have been merged, because he had only one criminal objective and because both charges arose out of the same incident. The Supreme Court recently addressed an analogous situation involving a single criminal episode in which a defendant brandished a knife at four people. *State v. Linthwaite,* 295 Or 162, 665 P2d 863 (1983). That defendant was convicted of four separate violations of ORS 166.220(1), which prohibits the .

---

[1] In response to defendant's motion for reconsideration, the trial judge acknowledged that ORS 137.129(2) provides for a maximum of 80 hours of community service for each misdemeanor conviction and, accordingly, ordered a modification of defendant's sentence, effective on resolution of this appeal, to 80 hours of community service for each conviction.

[2] Almost as an afterthought, defendant claims that he meant to furnish alcohol to one minor only and accordingly lacked the requisite intent to furnish it to the second minor. He urges that the trial judge's specific finding to the contrary ignores the evidence. Defendant's testimony on this issue conflicts with a statement he gave to police officers before arrest, as well as with the testimony of other witnesses.

attempted use of a dangerous weapon. In allowing all four convictions to stand, the court "re-established that a defendant may be charged with and found guilty of separate charges for each victim." 295 Or at 176. *Accord, State v. Gratz,* 254 Or 474, 461 P2d 829 (1969).

■    Defendant nevertheless asserts that only one conviction was proper in this case, because the only victim of his furnishing alcohol to minors was the public. It could be said that society or the public is the victim of every crime. Indeed, criminal prosecutions are brought on society's behalf in the name of the state. However, in many cases, there are also one or more individual victims against whom the criminal act was specifically directed.

In *Wiener v. Gamma Phi, ATO Frat.,* 258 Or 632, 638, 485 P2d 18 (1971), the Supreme Court held that the purpose of ORS 471.410(2) is:

> "* * * to protect minors from the vice of drinking alcoholic beverages; it was not the purpose of the statute to protect third persons from injury resulting from the conduct of inebriated minors or of imposing liability upon a person contributing to the minor's delinquency by furnishing him with alcohol."

Because the statute was enacted to protect children from alcohol, it follows that, when its provisions are violated, the child to whom alcohol is illegally furnished, and not just society, becomes a victim. In this case there were two victims. Accordingly, we hold that, when a defendant furnishes alcohol to two minors in one incident, he can be charged with and found guilty of two violations of ORS 471.410(2).

Defendant was sentenced to jail on the assumption that a violation of ORS 471.410(2) is a misdemeanor.[3] In his second assignment of error, he argues that the offense is not a misdemeanor and, accordingly, that it was not proper to sentence him to jail time. He arrives at that conclusion by reference to ORS 471.990(1), which provides:

> "Except where other punishment is specifically provided for, violation of any provision of this chapter is a misdemeanor."

---

[3] ORS 161.515 provides that imprisonment is only authorized for felonies and misdemeanors.

Defendant asserts that, because ORS 471.410(3) and (4) provide for minimum mandatory punishments and authorize restitution and community service for furnishing alcohol to minors, they provide the specific punishments of which ORS 471.990 speaks and, therefore, preclude treatment of this crime as a misdemeanor.

Defendant's argument seizes on apparent ambiguities in the statutory language. When a statute is ambiguous, we are permitted to examine its legislative history to help us to give effect to the legislature's intent. *Douglas County v. Briggs,* 286 Or 151, 154, 593 P2d 1115 (1979). Before 1977, ORS 471.410 contained no penalty provisions, so by virtue of ORS 471.990 it was a misdemeanor. *See* Or Laws 1977, ch 814, § 1. The legislative history reveals that the mandatory minimums were added in 1977 to stiffen penalties for furnishing alcohol to minors in an effort to curtail high school beer parties. *See* Minutes, House Committee on Judiciary, March 9, 1977, 2-8. We think it is implausible that the same committee that was trying to strengthen the penalty provisions of ORS 471.410 by imposing mandatory minimums would simultaneously intend to limit sentencing judges to a more lenient range of possible sentences than were applied under the old scheme. We hold that the minimum mandatory penalty provisions of ORS 471.410 are precisely that: minimums. They do nothing more than establish a minimum level of punishment, which a court is free to exceed within the confines of punishment authorized for a Class A misdemeanor.[4]

The dissent concedes that ORS 471.410(3) provides mandatory *minimum* sentences, but it contends that only community service and restitution can be used to exceed the minimums. 66 Or App at 741. Inasmuch as community service and restitution may always be imposed as conditions of probation, *see* ORS 137.128(1) and 137.540(1)(k), the position taken by the dissent has the effect of turning the mandatory minimums into mandatory maximums. That result was obviously unintended by the legislature.

---

[4] Our conclusion that violation of ORS 471.410 is a *Class A* misdemeanor is based on ORS 161.555(3), which provides:

"An offense defined by a statute of this state, but without specification as to its classification or as to the penalty authorized upon conviction, shall be considered a Class A misdemeanor."

■ Defendant contends, and the state concedes, that the trial judge erred in not merging defendant's convictions for sentencing purposes. We agree that defendant's sentences should have been merged. The basic approach for dealing with the problem of multiple sentences is set out in *State v. Linthwaite, supra,* which, as noted earlier, involves multiple convictions under ORS 166.220(1). The Supreme Court stated:

> "* * * Where the legislature has prescribed a course, or where the legislature's intent can be discerned, this court follows that direction so long as it stays within constitutional bounds. * * *" 295 Or at 177.

In that case, the state argued that, by adopting ORS 131.505(3),[5] the legislature expressed an intent to impose separate sentences for each victim. That argument was rejected. The court held that ORS 131.505(3) was adopted solely for the purposes of former jeopardy. 295 Or at 179. The Supreme Court uncovered no other legislative history from which to discern whether multiple sentences were intended by the legislature. Accordingly, only one sentence could be imposed. 295 Or at 178-79.

We are unable to discern a clear legislative intent to authorize multiple sentences for multiple violations of ORS 471.410. Therefore, we must conclude that only a single sentence is proper. *State v. Linthwaite, supra.*

Remanded for modification of judgment to provide a single sentence; affirmed in all other respects.

**WARREN, J.,** dissenting.

I disagree with the majority's resolution of defendant's second assignment of error and would reverse the sentence of imprisonment, because the statute does not authorize it under the facts of this case.

Defendant was convicted under ORS 471.410(2), which provides specific penalties:

---

[5] ORS 131.505(3) provides:

"When the same conduct or criminal episode, though violating only one statutory provision, results in death, injury, loss or other consequences of two or more victims, and the result is an element of the offense defined, there are as many offenses as there are victims."

"(3) Upon violation of subsection (2) of this section, the court shall impose a mandatory minimum sentence as follows:

"(a) Upon a first conviction for the offense, a fine of $200.

"(b) Upon a second conviction for the offense, a fine of $1,000.

"(c) Upon a third or subsequent conviction for the offense, a fine of $1,000 and not less than 30 days of imprisonment.

"(4) The court shall not waive or suspend imposition of the minimum mandatory sentence required by subsection (3) of this section. In addition to the mandatory sentence the court may require the violator to make restitution for any damages * * * or may require participation in volunteer service * * *."

The majority finds this statute ambiguous when read with the general penalties provision in ORS chapter 471 (Liquor Control Act):

"(1) Except where other punishment is specifically provided for, violation of any provision of this chapter is a misdemeanor." ORS 471.990(1).

I find no ambiguity requiring judicial construction in this statutory language. ORS 471.410(3) contains provisions for the punishment of violators. Accordingly, ORS 471.990(1) does not apply. The punishment provided by ORS 471.410(3) specifically requires imprisonment only on a third or subsequent conviction. ORS 471.410(3)(c). On first and second convictions, the latter being the case here, the provisions of ORS 471.440(3)(a) and (b) limit the mandatory penalty to a specific fine. ORS 471.410(4) provides that, in addition to the mandatory minimum, the court may require a defendant to make restitution or do community service. In specifying what the court may do in addition to fining a defendant, the legislature has limited the court's options to those specified.

The majority incorrectly relies on the legislative history of ORS 471.410 to uphold the jail sentence.

"Whatever the legislative history of an act may indicate, it is for the legislature to translate its intent into operational language. This court cannot correct clear and unambiguous language for the legislature so as to better serve what the court feels was, or should have been, the legislature's intent."

*Monaco v. U.S. Fidelity & Guar.*, 275 Or 183, 188, 550 P2d 422 (1976).

Particularly with respect to criminal statutes, the public interest is best served by enforcement consistent with the clear language of the statute. This court furthers that interest by declaring what the legislature has done, not what it should have done or, in our view, tried to do. If, as the majority contends, the clear language of the statute does not do what the legislature intended, the error should be corrected by statutory amendment, not judicial interpretation.