UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD RAY WELLS, | No. 09-35006 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-00018-MA |
| v. | District of Oregon, Portland |
| ROSEANNE CAMPBELL; JOAN PALMATEER, Warden, | ORDER |
| Respondents - Appellees. | |

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

The petition for rehearing is GRANTED. The memorandum disposition filed March 22, 2010, is withdrawn. A superseding memorandum disposition is filed concurrently with this order. Further petitions for rehearing or rehearing en banc may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD RAY WELLS,

           Petitioner - Appellant,

  v.

ROSEANNE CAMPBELL; JOAN
PALMATEER, Warden,

           Respondents - Appellees.

No. 09-35006

D.C. No. 3:06-cv-00018-MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Argued and Submitted December 8, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

    Donald Wells, an inmate in the custody of the Oregon Department of

Corrections, appeals the district court's denial of his petition for a writ of habeas

corpus. We affirm.

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.     Assuming Wells fairly presented his ineffective assistance claim regarding suppression of his hospital-bed statements to the state post-conviction court, the claim fails on the merits. Wells has not shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The state trial judge, Judge Luukinen, refused to entertain Wells's renewed suppression motion because he considered Judge Blensly's 1985 denial of Wells's first suppression motion—summarily affirmed on appeal—to be law of the case. Given the Oregon Supreme Court's application of the law of the case doctrine to a renewed motion to suppress in *State v. Pratt*, 853 P.2d 827, 831-32 (Or. 1993), Wells has not established a reasonable probability that Judge Luukinen would have considered his renewed suppression motion even if he had known about the contrary federal ruling by Judge Redden. Thus, the state post-conviction court's rejection of the claim was not an unreasonable application of *Strickland*.

2. Wells's claim that the trial court violated his right to due process under the Fourteenth Amendment when it refused to consider his renewed suppression motion is procedurally defaulted. Wells raised no federal constitutional claims on direct appeal, and in his state petition for post-conviction relief he raised only claims of ineffective assistance of counsel.

2

3.  Wells's claim that trial counsel provided ineffective assistance by failing to move for severance of the felon in possession charges is also procedurally defaulted.  Wells did not raise any severance claim in his state petition for post-conviction relief.  Although he did discuss severance in supplemental *pro se* filings, the state post-conviction court permitted supplementation only for purposes of expanding on claims raised in the original petition.

4.  The state post-conviction court's holding that trial counsel did not provide ineffective assistance by failing to object to Wells's shackling was not an unreasonable application of *Strickland*.  Wells himself did object to the shackling, and the trial court reasonably found that shackling was appropriate given the severity of the offenses with which Wells was charged and given that Wells's leg brace was not visible to the jury.

5.  Finally, assuming Wells's federal habeas petition adequately presented the claim that trial counsel was ineffective in failing to argue for merger of sentences with respect to counts 2 and 7, the state post-conviction court's rejection of this claim was not unreasonable.  Oregon law applicable at the time of the offense provided that the victim of a robbery is the person against whom a threat is made, *see State v. Dillman*, 580 P.2d 567, 568-69 (Or. Ct. App. 1978), so Officer Thompson was the victim of both robberies.  Nonetheless, "[i]t is not necessarily

3

true that a continuous sequence of criminal acts directed at a single victim can lead to only one sentence." *State v. Kessler*, 686 P.2d 345, 348 (Or. 1984). The two thefts Wells committed reflected different criminal objectives: he stole the pickup truck in an attempt to escape from police with money he had already stolen. *See id.* Thus, the state post-conviction court reasonably determined that Wells had failed to demonstrate prejudice under *Strickland*.

AFFIRMED.