Argued August 21, reversed and remanded September 10,
reconsideration denied October 8, petition for review
denied October 21, 1975

STATE OF OREGON, *Appellant, v.* ROBERT
PARIS CORBIN, JR. (No. 73-3-C), *Respondent.*

539 P2d 1113

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Donald H. Coulter,* Grants Pass, argued the cause for respondent. With him on the brief was Walter L. Cauble, Grants Pass.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This case was previously before this court in *State v. Corbin,* 15 Or App 536, 516 P2d 1314 (1973), Sup Ct *review denied* (1974), when defendant's murder conviction was remanded for further proceedings because the results of a psychiatric interview were introduced at trial although defendant had not been informed that his *Miranda* rights applied to the psychiatric examination. Prior to retrial, defendant filed a renewed motion to suppress evidence in which he sought to suppress physical evidence relating to the death of his wife obtained as a result of the police's breaking into defendant's home. Defendant's motion was granted and the state appeals pursuant to ORS 138.060(3).

■ On appeal, the state challenges the propriety of defendant's renewed motion to suppress after remand. Such a motion is permissible under ORS 133.673(2):

"A motion to suppress which has been denied may be renewed, in the discretion of the court, on the ground of newly discovered evidence, or as the interests of justice require."

The state does not contend that the trial court abused its discretion in this regard nor does the record indicate any abuse of discretion.

The state's primary contention is that the trial court erred in granting defendant's motion to suppress the physical evidence relating to the death of defendant's wife.

On December 30, 1972, at approximately 1:30 a.m., the Grants Pass Police Department received a phone call from a man who identified himself as Mr. Peck of Weed, California. Mr. Peck informed the police dispatcher that his son-in-law, defendant, had just called him and stated that he had shot his wife and was going to kill himself.

After arriving at defendant's house, officers received no response from within, although they knocked loudly and identified themselves. They broke into the house and found defendant, lying wounded and unconscious on a bed, next to the body of his dead wife.

The officers observed a rifle lying on the floor next to the bed. A spent shell case and live cartridge were also observed near the rifle.

The police requested an ambulance for defendant and at approximately 2 a.m. he was removed to a local hospital for treatment of his wound. The police remained at the house and conducted an investigation of the scene of the killing.

A number of photographs and a video tape film were taken of the deceased and of various items which were plainly visible at the time the police entered the bedroom. The investigation was completed by approximately 6 a.m., at which time the police left the house with physical evidence from the scene of the killing.

■ The trial court granted defendant's motion to suppress as to those items of physical evidence seized by the police from the Corbin home after the defendant was removed from the house. Items seized after the removal of defendant included the rifle and cartridges

in plain view when the officers entered the house and reproductions of the killing scene such as photographs, video tape and sketches. The trial judge grounded this suppression order on this court's holding in *State v. Brothers,* 4 Or App 253, 478 P2d 442 (1970), because, as he said, the police did not seize the items until after the defendant was removed from the scene. We conclude, however, that our holding in *Brothers* does not require suppression here. We reverse that portion of the trial court's order[1] suppressing the physical evidence seized by the police.

In *Brothers,* the murder scene was not encountered by the police as the result of a probable cause, forcible entry, but by a medical investigator's returning to defendant's apartment with a police officer approximately two and one-half hours after the defendant was taken to a hospital. The door to defendant's apartment was entered with a key and a general search made of the entire apartment. A rifle found inside a hallway closet was illegally seized by the police and its admission held prejudicial error. The police did not have a right to enter defendant's apartment nor was the seized rifle in plain view.

■ It is well established that "a police officer is entitled to seize evidence of a crime which he recognizes as such, provided that he has a right to be in the place where he is when he observes the evidence." *State v. Sagner,* 12 Or App 459, 472, 506 P2d 510, Sup Ct *review denied* (1973); *Harris v. United States,* 390 US 234, 88 S Ct 992, 19 L Ed 2d 1067 (1968); *State v. Alexander,* 9 Or App 42, 495 P2d 51, Sup Ct *review denied.* (1972).

We previously held in *State v. Corbin,* supra, that the police had probable cause to break into

---

[1] The other portions of the order were not appealed from and are not involved here.

defendant's home without a search warrant in view of the information received from defendant's father-in-law that defendant had shot his wife and intended to commit suicide. Hence, the police had a right to be in defendant's home. Upon entry, the scene of the killing, including the rifle, was plainly visible to the officers. The photographs, video tape, and sketches of the scene merely reproduced those items of physical evidence in plain view when the police lawfully entered the bedroom. Therefore, seizure of this evidence was proper under the plain-view doctrine. *State v. Sagner,* supra; *State v. Jones,* 4 Or App 447, 479 P2d 1020 (1971).

All of the evidence seized by the police was visible when the officers entered the bedroom. None of the items suppressed by the trial court was seized as the result of a general search nor did any item become visible as a consequence of a further intrusion into defendant's privacy than was permitted by the circumstances of the police entry. *Compare State v. Childers,* 13 Or App 622, 511 P2d 447, Sup Ct *review denied* (1973). The reasonable delay in effectuating the seizure of plain-view items after defendant's removal from the scene does not change the fact that defendant was no more imposed upon than he would have been had the physical evidence been seized before his removal. *See United States v. Edwards,* 415 US 800, 94 S Ct 1234, 39 L Ed 2d 771 (1974).

We conclude that the physical evidence in plain view was properly seized and should not have been suppressed. The state appealed only from that portion of the trial court's order suppressing this evidence.

Reversed and remanded.