Argued and submitted July 26, reversed and remanded October 11, reconsideration denied December 1, 1989, petition for review denied February 6, 1990 (309 Or 333)

# STATE OF OREGON,
*Appellant,*

*v.*

# JAMIE RUSSELL DAVIS,
*Respondent.*

## (C 88-04-31892; CA A50112)

780 P2d 807

Rives Kistler, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Stephen A. Houze, Portland, argued the cause for respondent. With him on the brief was Birkland & Houze, Portland.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

The state appeals the trial court's suppression of a confession made by defendant. It argues that the trial court erred in finding the confession involuntary. We reverse and remand.

Defendant's mother and grandmother were murdered. Sometime later, police learned that defendant, age 17, was being sought by Idaho police for theft of a weapon similar to the one used in the murder. After defendant was arrested by Idaho authorities for theft, two Portland police officers flew to Idaho to interrogate him. On arrival, the officers gathered background information until approximately 1:30 a.m., at which time they interrogated defendant. The trial court found that the circumstances surrounding the interrogation rendered defendant's subsequent confession involuntary.

The test for voluntariness of a confession is whether, under the totality of the circumstances, it was the product of an essentially free and unconstrained choice, defendant's will was not overborne and his capacity for self-determination was not critically impaired. *State v. Vu,* 307 Or 419, 425, 770 P2d 577 (1988); *State v. Eidson,* 73 Or App 719, 731, 700 P2d 285, *rev den* 299 Or 583 (1985). The relevant surrounding circumstances include both the character of the accused and the details of the interrogation. Some of the factors taken into account include the age, education and intelligence of the accused, the length and location of the interrogation and whether the accused was advised of his constitutional rights or subjected to physical or psychological coercion. No single factor is controlling, and the state has the burden of establishing the voluntariness of the confession. *State v. Kinkade,* 59 Or App 192, 196, 650 P2d 972 (1982).

The trial court based its decision on the factors set out in *Kinkade.* Although we are bound by the trial court's historical findings of fact, we are not bound by the conclusions that it drew from those facts. *State v. Foster,* 303 Or 518, 529, 739 P2d 1032 (1987). The trial court found that defendant had been given *Miranda* warnings and that there was no threat or promise that would make the confession involuntary. However, it held that defendant's low maturity and intelligence levels, the late hour of the interrogation, its 36 minute length

and the repeated inquiry of the officers worked to overcome defendant's will.

There is nothing in the record to show that defendant was unaware of what was happening. He was awake and alert. He asked that the Idaho police officer leave the room before he confessed. The record illustrates that he was able to comprehend the questions asked and to respond as he saw fit. The trial court's reliance on defendant's "dull normal" intelligence level was also misplaced. *See State v. Hickam,* 71 Or App 471, 477, 692 P2d 672 (1984);[1] *see also State v. Quinn,* 290 Or 383, 623 P2d 630 (1981).

The record shows that the interrogation took place for 36 minutes in a large, well-lighted room, "something like a reading room or a chapel." The officers did not mislead defendant as to the evidence that they already had against him, and they did not threaten him. *See State v. Eidson, supra,* 23 Or App at 731. Although they made repeated inquiries, because they disbelieved his initial explanation, and told him that he could start improving his life by telling the truth, that type of psychological encouragement does not equate with coercion or necessarily interfere with the exercise of free will. *State v. Benton,* 92 Or App 685, 689, 759 P2d 332, *rev den* 307 Or 101 (1988). The officer's statements offered no inducement through either fear or promise for defendant to change his statement.[2] Finally, although the hour of the interrogation was late, it was not coercive in the sense that, combined with the other circumstances, it resulted in defendant's will being overborne. *See State v. Mendacino,* 288 Or 231, 603 P2d 1376 (1979). Accordingly, the confession should not have been suppressed.

Reversed and remanded.

---

[1] In *Hickman,* the court found the defendant's "significant retardation" insufficient to make his confession coerced when he was cooperative, understood the investigation and responded appropriately to questions asked.

[2] There was testimony that, after defendant began crying, one of the officers suggested that defendant could get counseling if he desired. The trial court ruled that the officer's suggestion was not a promise. There is evidence to support the court's finding.