Argued and submitted May 23, 1990, reversed and remanded February 6, 1991

# STATE OF OREGON,
*Appellant,*

*v.*

# ROBERT LEE HADLEY,
*Respondent.*

(390448-8903, S976001;
CA A61989 (Control), A61990)
(Cases Consolidated)

805 P2d 714

Michael C. Livingston, Assistant Attorney General, Salem,

argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Priscilla MacDonald-Owen, Portland, argued the cause for respondent. With her on the brief was Multnomah Defenders, Inc., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

The state appeals the trial court's order suppressing statements made to an arresting officer on the basis that defendant did not voluntarily waive his right against self-incrimination. The state also assigns error to the court's suppression of evidence discovered in the officer's search of defendant. We reverse.

At approximately 2:18 a.m. on February 25, 1989, Oregon State Police Officer Poggi observed defendant driving a car that was "weaving back and forth" on the road. He also noticed that the car's rear license plate had an expired registration tag. Poggi activated his car's overhead lights and pulled defendant's car over. When he told defendant why he had stopped him, defendant admitted that he knew his license tag had expired and said that his erratic driving was caused by mismatched rear tires. He had difficulty finding and removing his driver's license from his wallet. Poggi detected a strong odor of alcohol on his breath. He also noticed that his face was flushed, his eyes were glassy and watery and his pupils were dilated.

On the basis of those observations, Poggi suspected that defendant had been driving under the influence of intoxicants. He asked him to step out of the car and then administered field sobriety tests. When defendant failed the tests, Poggi placed him under arrest. ORS 813.010. He told defendant why he was being arrested, handcuffed him and advised him of his rights. When Poggi asked him whether he understood those rights, he said "uh-huh," by which, defendant testified at the suppression hearing, he meant "yes."

Before placing defendant in the patrol car, Poggi conducted a pat-down for weapons. He felt a "big bulge" on the right side of defendant's jacket. He opened the pocket containing the bulge and pulled out a two-inch long white medicine container. In the same pocket, he saw two transparent baggies containing what appeared to be marijuana buds. He also removed a clear plastic baggie containing a marijuana bud from the left pocket of defendant's jacket. Poggi testified that, when he asked if he could look in the white container, defendant "did not know what to say." Poggi opened the container and found more marijuana inside. He then took defendant to a state police office approximately two miles from the scene of

the arrest and interviewed him before administering an Intox-ilyzer test. He did not offer defendant any incentives to speak with him, nor did he threaten him. He did not re-advise defendant of his rights before the interview. During the interview, defendant admitted that he had been drinking earlier that evening and that he had been smoking marijuana. The Intox-ilyzer test result was .04. Poggi charged defendant with driving under the influence of intoxicants and possession of a controlled substance. ORS 475.992.

The trial court granted defendant's motion to suppress his admissions on the basis that defendant did not knowingly, intelligently and voluntarily waive his right against self-incrimination. The court also granted defendant's motion to exclude the evidence found in the medicine bottle on the ground that, once Poggi had the container in his possession, he had the time and the opportunity to apply for a search warrant to open it. The court initially denied the motion to suppress the two baggies. Then, however, because the court suppressed defendant's admissions, it held that admission of the baggies of marijuana would be substantially more prejudicial than probative in the DUII case and excluded them on the basis of OEC 403.

The trial court based its conclusion that defendant did not knowingly and voluntarily waive his right against self-incrimination on the fact that defendant had only a ninth grade education, that he "mumbled and jumbled" at the pre-trial hearing, that the arrest occurred during the very early morning hours and that his response to Poggi's question whether he understood his rights was "uh-huh." The court held that, when Poggi prepared to question him at the station, defendant should have been re-advised and then asked whether he was willing to talk and whether he understood his rights.

 Although we must defer to the trial court's findings, we are not bound by the legal conclusions that it draws from the facts. *State v. Foster,* 303 Or 518, 529, 739 P2d 1032 (1987); *State v. Davis,* 98 Or App 752, 754, 780 P2d 807 (1989) *rev den* 309 Or 333 (1990). We conclude that defendant's statements were not given in violation of his right against self-incrimination. It is undisputed that defendant was advised of his rights at the time of his arrest and that, when Poggi asked him if he

understood them, he said "uh-huh," which meant "yes." He testified that he had understood his rights, that he had spoken to Poggi voluntarily and that no threats or promises had been made to induce him to speak. An admission is voluntary if, "in the light of the surrounding circumstances," it is "the product of an essentially free and unconstrained choice," that is, if the "defendant's will was not overborne and his capacity for self-determination was not critically impaired." *State v. Vu,* 307 Or 419, 425, 770 P2d 577 (1989); *State v. Davis, supra,* 98 Or App at 754. We conclude that defendant was given appropriate warnings, that he understood them and that the statements that he made to Poggi were voluntary.

■ We also conclude that Poggi was not required to re-advise defendant of his rights after discovering the marijuana and taking defendant to the station. *State v. Rivas,* 99 Or App 23, 29, 781 P2d 304 (1989); *see Miller v. United States,* 396 F2d 492, 495-96 (8th Cir 1968), *cert den* 393 US 1031 (1969); *State v. Davidson,* 252 Or 617, 620, 451 P2d 481 (1969). The circumstances had not materially changed between the time when he was arrested and the time when he was questioned by the officer at the station. The questions asked were relevant to the DUII charge, as well as to the possession charge, because they related to defendant's physical condition. The two or three minute drive to the station was not enough time to require a re-advisement of rights. The trial court erred in suppressing defendant's statements.

■ The state next argues that the trial court erred in suppressing the contents of the opaque container. It is undisputed that the DUII arrest was valid and that it was permissible for Poggi to pat defendant down for weapons and to take the opaque container from defendant's pocket. According to the record, as the trial court apparently interpreted it, Poggi saw the two clear plastic bags containing marijuana at the same time that he reached into the pocket of defendant's jacket and removed the container.[1] Accordingly, Poggi had

---

[1] The record does not make it entirely clear that the baggies of marijuana were discovered at the same time that the pill container was removed. The trial court held, however, that the baggies were lawfully discovered during the pat-down of defendant, and we will presume that the facts were determined in a manner consistent with that conclusion. *Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968); *State v. Zigler,* 100 Or App 700, 702 n 1, 788 P2d 484 (1990).

probable cause to arrest defendant for possession of contraband, and it was permissible for him to open the container as part of a search incident to the arrest for possession. *See State v. Caraher,* 293 Or 741, 653 P2d 942 (1982). The court erred when it suppressed the evidence found in the container. *State v. Smith,* 103 Or App 113, 118, 796 P2d 665 (1990) *rev allowed* 311 Or 87 (1991).

Finally, the state contends that it was error for the trial court to exclude the baggies. Because we hold that defendant's admission that he had used marijuana that night is admissible, the trial court erred in excluding the evidence.

Reversed and remanded.